<u>EMERGENCY PETITION</u>

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JAN 13 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ROGER SCOTT BEAL, et al, individually and on behalf of a class of similarly situated persons.<br><br>Petitioners,<br><br>Vs.<br><br><br><br>BOBBY LUMPKIN, Director Texas Department of Criminal Justice-Institutional Division. et al.,<br>Individually and in their official capacities.<br>Respondents. | COMPLAINT<br><br><br><br><br>Civil Action Number: <u>4:22cv0228</u><br><br><br><br><br><br><br>NOTICE OF PLEADINGS<br><br>JURY TRIAL DEMANDED |

PETITIONERS SEEKING RELIEF, PURSUANT TO 28 U.S.C. §2241
PETITIONERS SEEKING HOME CONFINEMENT OR TO GRANT COMPASSIONATE
RELEASE. PURSUANT TO GOVERNOR Greg Abbott's Executive ORDER issued
on October 11, 2021, Relating to PROHIBING VACCINE MANDATES. (GA-40).

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROGER SCOTT BEAL, hereinafter called "Petitioner" in the above styled case, an will show this Court as follows;

I
HABEAS CORPUS JURISDICTION

28 U.S.C. §2241. Power To Grant Writ.

(a) writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdiction. The order of a circuit judge shall be entertain in the records of the district court wherein the restraint complained at is had.

(c) the writ of habeas corpus shall not extend to a prisoner unless--

(3) he is in custody in violation of the Constitution or laws or treaties of the United States;

(d) where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

## ADMINISTRATIVE EXHAUSTION UNDER THE PLRA

Petitioners argue that they are not required to exhaust TDCJ's grievance procedure because it was unavailable to them, within the meaning of the PLRA.

Petitioners clarifed this statement by saying any attempting informal resolution, since his complaint was lodged against the governor's executive order (GA-40) issued on October 11, 2021, banning vaccine mandate by any entity in the State of Texas. "I hereby suspend all relevant statutes to the extent necessary to enforce this prohibition".

Ordinarily, the PLRA requires inmates to exhaust "available" administrative remedies before bringing suit in federal court to challenge prison conditions. 42 U.S.C. §1997e(a).

This requirement is "mandatory" and there is no exception even for "special circumstances". Ross v. Blake, 136 S.Ct. 1850, 1856 (2016). However, the statutory text requires the remedy actually to be "available"---in other words, "capable of use" in order to obtain "some relief". Id. at 1859.

The Supreme Court has articulated "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief" and is thus unavailable within the meaning of 42 U.S.C. §1997e(a). Id. This Court should determined that "TDCJ's grievance procedure is not 'capable of use to obtain some relief',...TDCJ's grievance process "does not fit the problem Petitioners are facing", as it was "not designed with a governor's order

PETITIONERS SEEKING RELIEF PURSUANT TO 28 U.S.C. §2241-Page 2

banning vaccine to all entities in the State of Texas, and was thus unable to relief to older inmates facing an imminent risk of serious illness or death. In order to be protected from the COVID-19, Delta variant or Omicron pandemic to the degree required by the Eighth Amendment.

Factual Background

## Omicron Variant

The discovery of the highly mutated Omicron coronavirus variant sparked alarm around the globe this week, as the World Health Organization rated its risk level as "very high" and scientists reced to assess its potential resistance to existing vaccines. (December 10, 2021, Vol. 21, Pg. 4 The Week).

Prompting the alarm were Omicron's unprecedented, 30-plus mutations in its spike proteins, which the virus uses to latch on to human cells. Experts said these mutations could make the variant even more transmissible than the Delta variant and better able to evade immune defenses, both from vaccination and prior infections. The WHO cited preliminary evidence suggesting an "increased risk of reinfection" to those who've already had Covid. (Vol. 21, Pg. 4).

## Omicron Data

The Omicron variant was spreading rapidly this week in the U.S. and the world, amid troubling new evidence that it may greatly reduce protection conferred by two-shot vaccinations and prior infection. Omicron sent new daily cases surging from fewer than 300 a month ago to more than 16,000. (December 17, 2021, Vol. 21, Pg. 16, The Week).

## The Wallace Pack Unit

The Pack Unit is a Type-1 Geriatric prison in the Texas Department of Criminal Justice ("TDCJ") prison system. It is located in Grimes County, Texas. The facility has a maximum capacity of 1,478 people. As a Type-1 Geriatric unit, the Pack Unit primarily houses individuals who are elderly and/or have health prob-

lems. Approximately 800 of those inmates are over the age of 65. Most Pack Unit inmates live in small cubicles in a dormitory setting. Each cubicle is made of a waist-high wall; each cubicle contains a bunk.

As the submitting of this 'notice of pleadings' the Pack Unit has the following dorms on quarantined:

| 1  | Dorm              | 54 Inmates | "Quarantined" |
|----|-------------------|------------|---------------|
| 2  | Dorm (Wheelchair) | 30 Inmates | "Quarantined" |
| 3  | Dorm              | 54 Inmates | "Quarantined" |
| 7  | Dorm              | 54 Inmates | "Quarantined" |
| 8  | Dorm              | 52 Inmates | "Quarantined" |
| 10 | Dorm              | 54 Inmates | "Quarantined" |
| 16 | Dorm              | 52 Inmates | "Quarantined" |
| 19 | Dorm              | 52 Inmates | "Quarantined" |

\* 18  Dorm                20-30 Positive Inmates (Holding Dorm)

BACKGROUND:

Petitioners Roger Scott Beal and similarly others-individuals incarcerated at the Wallace Pack Unit ("Pack Unit"), filed this case as a putative class action.

Petitioners allege that Respondents have failed to properly protect them and other similarly situated Pack Unit inmates from the spread of "Omicron" virus, and COVID-19 pandemic. Petitioners claim that Respondents are violating the--- Eighth Amendment by acting deliberate indifference to health of the Pack Unit population, which is more vulnerable than the general public is to serious illness or death from COVID-19 or Omicron virus.

Petitioners also claim that Respondents are violating the Americans with Disabilities Act ("ADA"). Petitioners seek injunctive and declaratory relief only. Prison officials have Eighth Amendment duty to protect inmates from exposure to

PETITIONERS SEEKING RELIEF PURSUANT TO 28 U.S.C. §2241-Page 4

communicable disease. U.S. Constitution Amendment Eighth. State inmates were likely to prevail on merits of their claim that prison officials were deliberately indifferent to substantial risk of serious harm posed by COVID-19, in violation of the Eighth Amendment, for purposes of determining their entitlement to temporary restraining order (TRO) in their habeas proceeding, where facility was experiencing active significant outbreak of COVID-19, inmates lived in dorms that made social distancing impossible, COVID-19 presented significant risk of severe illness and death to inmates.

To satisfy irreparable harm requirement for temporary restraining order (TRO), petitioners must demonstrate that, absent TRO, they will suffer injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if court waits until end of trial to resolve harm. Farmer v. Brennan, 511 U.S. 825, 828, 832 (1994)(quoting Thompson v. Upshur, Cty., 245 F. 3d 447, 459 (5th Cir. 2001).

In general, party seeking preliminary injunction or temporary restraining order must show likelihood of success on merits, likelihood of irreparable harm in absence of preliminary relief, that balance of equities tips in party's favor, and that injunction is in public interest. Martinez-Brooks v. Easter, 459 F. Supp. 3d 411 (2020). Showing of irreparable harm is single most important prerequisite for issuance of preliminary injunction.

### With the majority of corrections officers declining the COVID-19 vaccine, incarcerated people are still at serious risk of illness or death

Less than half of prison staff are vaccinated in most states 33% of Texas prison guards have at least one dose of a vaccine. PrisonPolicyInitiative.org April 21, 2021 (PLN) Prison Legal News, Pg. 45. Futhermore, on October 11, 2021, Governor Greg Abbott, issued an executive order (GA 40), stating that it is no longer re-

PETITIONERS SEEKING RELIEF PURSUANT TO 28 U.S.C. §2241-Page 5

quired to received a COVID-19 vaccine. Correctional staff in most states have been eligible for COVID-19 vaccination for months, prioritized ahead of many other groups because of the key role staff play in introducting the virus into prisons and jails and then bringing it back out to surrounding communities.

University of Texas Medical Branch ("UTMB") personnal staff is not following COVID-19 protocol, that requires testing inmates before sending them out 911 to an intermediate hospital (Saint Joseph) for medical emergency's i.e. (chest pain or other medical problems). Where inmates tested positive for COVID-19, on return to unit ("Pack 1") was put back into population for 2-days, and then moved to a quarantined dorm, then put the dorm where inmate was housed back on a 14-day quarantine. On March 26, 2021, the Fifth Circuit Court of Appeals overturned the permanent injunction that required TDCJ prison ("Pack Unit") to observed certain precautions against the spread of COVID-19. See Valentine v. Collier, 993 F. 3d 270 (5th Cir. 2021).

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully pray that this Court enter judgment:

* Granting Petitioners a Temporary restraining order.

* Granting Petitioners a preliminary and permanent injunction ordering Respondents to show proof of vaccination or recent COVID test.

* Any additional relief this Court deems just, proper, and equitable.

* Petitioners reserves the right to amend petition pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P. (Foman v. Davis, 371 U.S. 178, 182 (1962).

Respectfully Submitted,
Roger Scott Beal  *RB*

PETITIONERS SEEKING RELIEF PURSUANT TO 28 U.S.C. §2241-Page 6

# Executive Order

**BY THE
GOVERNOR OF THE STATE OF TEXAS**

**Executive Department
Austin, Texas
October 11, 2021**

**EXECUTIVE ORDER
GA 40**

*Relating to prohibiting vaccine mandates,
subject to legislative action.*

---

WHEREAS, I, Greg Abbott, Governor of Texas, issued a disaster proclamation on March 13, 2020, certifying under Section 418.014 of the Texas Government Code that the novel coronavirus (COVID-19) poses an imminent threat of disaster for all Texas counties; and

WHEREAS, in each subsequent month effective through today, I have renewed the COVID-19 disaster declaration for all Texas counties; and

WHEREAS, I have issued a series of executive orders aimed at protecting the health and safety of Texans, ensuring uniformity throughout Texas, and achieving the least restrictive means of combatting the evolving threat to public health; and

WHEREAS, COVID-19 vaccines are strongly encouraged for those eligible to receive one, but must always be voluntary for Texans; and

WHEREAS, I issued Executive Orders GA-35, GA-38, and GA-39 to prohibit governmental entities and certain others from imposing COVID-19 vaccine mandates or requiring vaccine passports; and

WHEREAS, in yet another instance of federal overreach, the Biden Administration is now bullying many private entities into imposing COVID-19 vaccine mandates, causing workforce disruptions that threaten Texas's continued recovery from the COVID-19 disaster; and

WHEREAS, countless Texans fear losing their livelihoods because they object to receiving a COVID-19 vaccination for reasons of personal conscience, based on a religious belief, or for medical reasons, including prior recovery from COVID-19; and

WHEREAS, through Chapter 161 of the Texas Health and Safety Code, as well as other laws including Chapters 38 and 51 of the Texas Education Code, the legislature has

*Governor Greg Abbott*                                                       *Executive Order GA-40*
October 11, 2021                                                                              Page 2

NOW, THEREFORE, I, Greg Abbott, Governor of Texas, by virtue of the power and authority vested in me by the Constitution and laws of the State of Texas, do hereby order the following on a statewide basis effective immediately:

1. No entity in Texas can compel receipt of a COVID-19 vaccine by any individual, including an employee or a consumer, who objects to such vaccination for any reason of personal conscience, based on a religious belief, or for medical reasons, including prior recovery from COVID-19. I hereby suspend all relevant statutes to the extent necessary to enforce this prohibition.

2. The maximum fine allowed under Section 418.173 of the Texas Government Code and the State's emergency management plan shall apply to any "failure to comply with" this executive order. Confinement in jail is not an available penalty for violating this executive order.

3. This executive order shall supersede any conflicting order issued by local officials in response to the COVID-19 disaster. Pursuant to Section 418.016(a) of the Texas Government Code, I hereby suspend Sections 418.1015(b) and 418.108 of the Texas Government Code, Chapter 81, Subchapter E of the Texas Health and Safety Code, and any other relevant statutes, to the extent necessary to ensure that local officials do not impose restrictions in response to the COVID-19 disaster that are inconsistent with this executive order.

This executive order does not supersede Executive Orders GA-13, GA-37, GA-38, or GA-39. This executive order shall remain in effect and in full force unless it is modified, amended, rescinded, or superseded by the governor. This executive order may also be amended by proclamation of the governor.

                                                    Given under my hand this the 11th
                                                    day of October, 2021.

                                                    *[signature: Greg Abbott]*

                                                    GREG ABBOTT
                                                    Governor

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF GRIMES | § |

My name is Roger Scott Beal. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with and have personal knowledge of all the facts stated in it. I am able to swear, and I do swear, that all the facts and statements contained in this instrument are true and correct. 28 U.S.C. §1746.

"Petitioners motion for 'waiver' and statement regarding copies, fax, and is incarcerated at thw Wallace Pack Unit, is unable to provide copies to parties.

EXECUTED ON This day of 10th, January 2022.

Signature > *Roger Beal*
Roger Scott Beal

PETITIONERS AFFIDAVIT IN SUPPORT OF MOTION FOR WAIVER. Page 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 13 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ROGER SCOTT BEAL, et al. individually and on behalf of a class of similarly situated persons. § § § § § Petitioners, § § Vs. § § § § § § BOBBY LUMPKIN, Director Texas Department of Criminal Justice-Institutional Divisions. et al., § § § Individually and in their official § capacities. § Respondents. § | Civil Action No._____ |

PETITIONERS SEEKING WAIVER OF SUMMONS, COMPLAINT
PURSUANT TO Federal Rules of Civil Procedure. Rule 4(d).

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROGER SCOTT BEAL, hereinafter called Petitioner in the above styled case, and will show this Court as follows;

I

Petitioner is incarcerated at the Wallace Pack Unit, and has no access to fax, copier, or computer--to send copies to parties in this cause. Petitioner leaves this Court to invoke FRCP Rule 4(d), and/or to suspend the Rules.

Respectfully Submitted,
/es/Roger Scott Beal RB

PETITIONERS SEEK WAIVER OF SUMMONS, COMPLAINT. Page 1
¶ Affidavit in support of waiver

Roger Scott Beal, # 1473289
Pack Unit
2400 Wallace Pack Road
Navasota, Texas
                77868

United States Courts
Southern District of Texas
        FILED
   JAN 13 2022
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas   (Houston D
P.O. Box 61010
Houston, Texas
                77208

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGER SCOTT BEAL, et al., § § Petitioner[s] § § V. § § § § § BOBBY LUMPKIN, Director Texas Department of Criminal Justice-Institutional § Divisions. et al., § § Respondent[s] § | ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUCTION & TEMPORARY RESTRAINING ORDER<br><br>Civil Action No._____ |

Upon the complaint, the supporting affidavits of petitioners, and the memorandum of law submitted herewith, it is:

ORDERED that respondents [BOBBY LUMPKIN, Director, Texas Department of Criminal Justice] show cause in room_____of the United States Courthouse, P.O. Box 61010 Houston, Texas, 77208 (Houston Division). On the\_\_\_\_day of\_\_\_\_20\_\_\_,at \_\_\_\_\_ O'clock, why a preliminary injunction should not issue pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining the Respondents, their successors in office, agents and employees and all other persons acting in concert and participation with them, from allowing correctional officers who are unvaccinated to be tested [or] show proof of vaccination before putting inmates at risk of exposure to COVID-19, Delta, or Omicrom variant.

IT IS FURTHER ORDERED that the order to show cause, and all other papers attached to this application, be served on the aforesaid Respondent[s] by January 20, 2022.

United States District Judge

Dated: _____