United States District Court
Southern District of Texas
**ENTERED**
March 14, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROGER SCOTT BEAL, (TDCJ–CID #1473289) Petitioner, | § § § § § | CIVIL ACTION NO. 4:22-cv-00228 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, Respondent. | § § § | |

**MEMORANDUM AND ORDER**

The petition for a writ of *habeas corpus* under 28 USC § 2241 filed by Petitioner Roger Scott Beal to challenge Governor Greg Abbott's executive order nullifying all vaccine mandates is dismissed for lack of subject matter jurisdiction. The emergency motion for a temporary restraining order referenced within the petition is likewise denied. Dkt 1. Beal's motion to amend is denied without prejudice. Dkt 4.

1. Background

Beal is an inmate at the Pack I Unit. The Texas Department of Criminal Justice website discloses that he's currently serving a sentence of twenty-five years for aggravated sexual assault/mouth in cause number F-0730163-S. He's also serving a sentence of fifteen years for indecency with a child younger than seventeen years/contact in cause number F-0730162-S.

Beal proceeds here *pro se*. In January 2022, he filed an emergency motion for a temporary restraining order and temporary release in response to an executive order issued by Governor Greg Abbott in October 2021 that prohibits vaccine mandates. Dkt 1 at 7; see Executive Order GA-40.

Beal explains that the Pack Unit is a Type-1 geriatric unit that primarily houses individuals who are elderly and/or have health problems. Approximately 800 of the 1,478 inmates are over the age of 65. Dkt 1.

The motion was docketed as a petition for a writ of *habeas corpus* under 28 USC § 2241. Beal essentially argues that banning the vaccine mandate for prisons poses an imminent risk of serious illness or death from the Delta or Omicron variants of COVID-19. He thus asserts that he's entitled to immediate release because the executive order has created unconstitutional conditions of confinement at the Pack Unit in light of the ongoing pandemic. He also alleges that the current conditions of his confinement are now unduly punitive in violation of the Eighth Amendment. And he asserts violations of the Americans with Disabilities Act. Dkt 1 at 4–6.

Beal seeks immediate release through an emergency temporary restraining order for the same reasons. Dkt 4 at 7. He also seeks leave to amend complaint. Dkt 4 at 1.

2. Lack of subject-matter jurisdiction

A petitioner may seek *habeas* relief under 28 USC § 2241 if he's "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2241(c). A petition for a writ of *habeas corpus* is thus the vehicle by which "to seek release from custody." *Carson v Johnson*, 112 F3d 818, 820 (5th Cir 1997), citing *Pugh v Parish of St Tammany*, 875 F2d 436, 439 (5th Cir 1989). But more, review on *habeas corpus* exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v United States*, 525 F2d 933, 935–36 (5th Cir 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." Id at 935.

Fifth Circuit precedent provides that unconstitutional conditions of confinement don't warrant *habeas corpus* relief—not even conditions that putatively create a risk of serious physical injury, illness, or death. *Spencer v Bragg*, 310 F Appx 678, 679 (5th Cir 2009), citing *Carson v*

*Johnson*, 112 F3d 818, 820–21 (5th Cir 1997); see also *Rourke v Thompson*, 11 F3d 47, 48–49 (5th Cir 1993). Even allegations of mistreatment that amount to cruel and unusual punishment don't nullify an otherwise lawful incarceration or detention. *Cook v Hanberry*, 596 F2d 658, 660 (5th Cir 1979); see also *Lineberry v United States*, 380 F Appx 452, 453 (5th Cir 2010). Rather, the proper remedy for unconstitutional conditions of confinement should be equitable—to enjoin the unlawful practices that make the conditions intolerable. See *Cook*, 596 F2d at 660.

Beal doesn't challenge his convictions. Nor does he assert claims related to the cause or duration of his detention. He instead complains about the threat of infection and the conditions at the Pack Unit. Such complaints are unrelated to the cause or duration of his detention. See *Rice v Gonzalez*, 985 F3d 1069, 1070 (5th Cir 2021); *Francois v Garcia*, 509 F Supp 3d 668, 674 (SD Tex 2020). The petition for writ of *habeas corpus* must therefore be dismissed for lack of subject-matter jurisdiction.

### 3. Consideration as a civil rights claim

The Fifth Circuit holds that action under 42 USC § 1983 is the proper litigation vehicle where a favorable determination will not automatically entitle an inmate to accelerated release. *Carson*, 112 F3d at 820–21, citing *Orellana v Kyle*, 65 F3d 29, 31 (5th Cir 1995). This includes actions attacking "unconstitutional conditions of confinement and prison procedures." *Carson*, 112 F3d at 820, citing *Cook v Texas Department of Criminal Justice Transitional Planning Department*, 37 F3d 166, 168 (5th Cir 1994); see also *Schipke v Van Buren*, 239 F Appx 85, 85–86 (5th Cir 2007).

The Court has considered whether to simply convert Beal's petition into a civil rights action. This presents practical difficulties. See *Glaus v Anderson*, 408 F3d 382, 388–89 (7th Cir 2005). For instance, converting the petition would make Beal responsible for the $350 filing fee applicable to civil rights actions, rather than the $5 filing fee for *habeas* petitions. 28 USC § 1914(a).

3

Action under Section 1983 also entails a different set of legal rules and consequences beyond the additional filing fee. This includes application of provisions of 28 USC § 1915 if Beal elects to proceed *in forma pauperis*, of which subsection (g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Beal is instructed to consider his options and preferences in this regard. He must file a notice or motion for reconsideration by April 7, 2022, if he requests that his petition for a writ of *habeas corpus* be converted to a civil rights action under 42 USC § 1983. If Beal files no notice, his petition will remain dismissed without prejudice, per the ordering language below.

To be clear, nothing here concerns a ruling on the ultimate merits of Beal's claims. He may pursue his case as a civil rights action after making such election, if desired. In doing so, he should consider the results in at least somewhat analogous litigation with respect to pandemic-related conditions at the Wallace Pack Unit in Grimes County, Texas, which also houses inmates who are disproportionately elderly or with underlying health conditions. See *Valentine v Collier*, 2020 WL 1899274, *1–2 (SD Tex), 956 F3d 797, 799 (5th Cir 2020, *per curiam*), 140 S Ct 1598 (2020), and 960 F3d 707 (5th Cir 2020, *per curiam*).

### 4. Emergency motion for TRO

A predicate for a temporary restraining order or other preliminary injunctive relief requires a showing of substantial likelihood of success on the merits. See *Robinson v Hunt County*, 921 F3d 440, 451 (5th Cir 2019). No such likelihood of success can exist where the court lacks jurisdiction to grant affirmative relief.

Beal's emergency motion seeking a temporary restraining order must be denied.

### 5. Beal's motion to amend

A party may generally amend its original pleading as a matter of course within twenty-one days of service. FRCP 15(a)(1). After that, a party may amend its pleading only with the opponent's written consent or permission of the court. FRCP 15(a)(2). "The court should freely give leave when justice so requires." Ibid.

Beal's motion to amend will be denied without prejudice to reurging after he makes his election as to whether he will pursue his case as a civil rights action. Dkt 4.

### 6. Conclusion

The petition by Petitioner Roger Scott Beal for writ of *habeas corpus* is DISMISSED for lack of subject-matter jurisdiction. Dkt 1.

His emergency motion for a temporary restraining order is DENIED. He may seek interim relief again later if he elects to pursue his claim in a civil rights lawsuit.

His constructive motion to proceed *in forma pauperis* is GRANTED.

Beal's motion to amend and motion for class certification are DENIED without prejudice to reurging after he makes his election as to whether he will pursue his case as a civil rights action. Dkts 4 & 5.

Any other pending motions are DENIED AS MOOT.

So ordered.

Signed on March 14, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge